IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RENE CARDONA,<br><br>                              Plaintiff,<br><br>v.<br><br>SGT. COOK, Sergeant at the Central Utah<br>Correctional Facility, individually; JOHN<br>DOES 1-10, employees at the Utah State<br>Prison,<br><br>                              Defendant. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:11-CV-388 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Sergeant Randall Cook's Motion for

Summary Judgment.  For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

The following facts are undisputed, except where specifically indicated.  During the

relevant time period, Plaintiff Rene Cardona was an inmate housed at the Central Utah

Correctional Facility ("CUCF") in Gunnison, Utah.  Plaintiff suffered from a number of physical

and mental health ailments.  As a result of these ailments, Plaintiff had a bottom bunk clearance

allowing him to occupy the bottom bunk of his cell.

On December 1, 2010, Plaintiff moved from the Secure Management Unit ("SMU") to

the Hickory Housing Unit ("Hickory Unit").  Defendant Cook was assigned to the Hickory

Housing Unit and, as part of his responsibilities, oversaw inmate housing.  Specifically,

Defendant assisted in transferring Plaintiff to the Hickory Unit, assigned him a cell, and escorted

him to the top bunk in his assigned cell.

It is disputed whether Defendant was aware of Plaintiff's bottom bunk clearance. Plaintiff has provided a declaration stating that it was well known that he had a bottom bunk clearance and that he specifically told Defendant that he had such clearance. However, Defendant has provided a declaration stating that he was unaware of Plaintiff's bottom bunk clearance and that Plaintiff specifically told him that he did not have a bottom bunk clearance.

What is not in dispute is that when Plaintiff was transferred to the Hickory Unit he was not given a bottom bunk, but rather was provided a top bunk. It appears that Plaintiff protested this assignment. According to Plaintiff, Defendant responded that there were no available bottom bunks but Plaintiff could put his mattress on the floor and that he would not get written up for doing so.[1] Defendant confirms that he gave Plaintiff the option of putting his mattress on the floor and passed that information on to the night shift officers so that there would be no issues concerning Plaintiff putting his mattress on the floor.[2] There is a dispute as to whether Defendant provided Plaintiff other options, such as allowing Plaintiff to return to the SMU.

Plaintiff's cellmate objected to Plaintiff putting his mattress on the floor and, as a result, Plaintiff spent the night on the top bunk. During the night of December 1, 2010, or early morning hours of December 2, 2010, Plaintiff fell while attempting to descend from the top bunk. Plaintiff alleges that he sustained certain injuries as a result of his fall.

Plaintiff initially filed this action pro se. Defendant moved for summary judgment on July 13, 2012. Thereafter, the Court appointed counsel to represent Plaintiff. Counsel has now responded to Defendant's Motion for Summary Judgment and that Motion is ripe for decision.

---

[1] Docket No. 73, ¶¶ 22–23.

[2] Docket No. 79, Ex. D at 5.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

## III. DISCUSSION

Defendant argues that he is entitled to qualified immunity on Plaintiff's claim that he violated Plaintiff's Eighth Amendment rights. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[6] "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."[7] In determining whether a right is clearly established, "[t]he relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[8]

---

[3] Fed. R. Civ. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] *Elder v. Holloway*, 510 U.S. 510, 512 (1994).

[7] *Courtney v. Okla. ex rel., Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013) (internal quotation marks omitted).

[8] *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A.      CONSTITUTIONAL VIOLATION

In *Estelle v. Gamble*,[9] the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment."[10]  "Deliberate indifference involves both an objective and a subjective component."[11]  The objective component is met if the deprivation is "sufficiently serious."[12]  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[13]

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[14]

*1.      Objective Component*

Defendant first argues that Plaintiff did not have a serious medical need.  Defendant argues that while Plaintiff had a bottom bunk clearance, his medical need for that clearance was not serious.  The Court will assume for the purposes of Defendant's Motion, that Plaintiff's medical need was sufficiently serious and that a deprivation of a bottom bunk could satisfy the objective component.  However, that is not what occurred in this case.  The undisputed facts show that Defendant offered Plaintiff an alternative to a top bunk.  Defendant permitted Plaintiff

_____

[9] 429 U.S. 97 (1976).

[10] *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

[11] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

[12] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[13] *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

[14] *Farmer*, 511 U.S. at 837.

to put his mattress on the floor, told Plaintiff that he would not get in trouble for doing so, and informed the night shift that Plaintiff was permitted to put his mattress on the floor. While Plaintiff's cellmate may have objected to this practice, it is undisputed that Plaintiff had a viable alternative to sleeping in a top bunk. Therefore, the Court finds that Plaintiff cannot meet the objective component of the deliberate indifference test.[15]

This case is directly analogous to *Hillman v. Hansen*, a case decided by the Honorable Tena Campbell. In *Hillman*, the plaintiff was a sixty-nine year old woman who was transferred to a new cell and assigned a top bunk.[16] The plaintiff requested a bottom bunk, but was instead offered the option of placing her mattress on the floor.[17] The plaintiff apparently declined that option and fell while trying to climb down from the top bunk during the night.[18] The plaintiff brought suit alleging that assigning her to a top bunk violated the Eighth Amendment.[19] The defendants filed for summary judgment, contending that they were entitled to qualified immunity.[20]

Judge Campbell stated that "[t]here is little doubt that even a short-term assignment to a top bunk, which requires its user to repeatedly climb up and down a railing at night in close quarters, would pose a substantial risk of serious harm to an average woman of nearly seventy

---

[15] *See Williams v. Ramos*, 71 F.3d 1246, 1250–51 (7th Cir. 1995) (rejecting Eighth Amendment claim where plaintiff was given a choice of accepting an upper bunk or returning to a lower bunk in a segregation unit); *Hillman v. Hansen*, 2007 WL 189390, at *5 (D. Utah Jan. 22, 2007) (rejecting Eighth Amendment claim where plaintiff was given the option of putting her mattress on the floor).

[16] *Hillman*, 2007 WL 189390, at *1.

[17] *Id.* at *2.

[18] *Id.*

[19] *Id.* at *3.

[20] *Id.*

years of age."[21]  Thus, "knowingly assigning [the plaintiff] to a top-bunk without providing her an alternative sleeping arrangement, would pose a sufficiently serious safety risk to satisfy the objective prong of the deliberate indifference inquiry."[22]  However, as in this case, that was not what happened.

> The record here shows that Plaintiff was not forced to use the top bunk, despite the initial assignment, because she was given the alternative of placing her mattress on the floor for one night before being relocated the next morning.  At first blush, merely telling an inmate to sleep on the floor rather than providing a lower bunk might seem unreasonable.  However, the Court finds that given the short duration involved here, and the lack of readily available alternatives, this accommodation was a reasonable means of mitigating any risk posed to Plaintiff in this instance.  As other Courts have recognized, when an inmate is offered a viable, but perhaps less desirable, alternative to a potentially dangerous condition—rather than being forced into an "impossible situation in which he could not avoid pain or permanent injury"—the condition is not "sufficiently serious" to state an Eighth Amendment claim.[23]

The Court agrees with this analysis.  As with the plaintiff in *Hillman*, Plaintiff was provided a viable, although less desirable, alternative to sleeping on the top bunk.

Plaintiff attempts to distinguish *Hillman* by arguing that he was not presented a viable alternative to accepting a top bunk assignment because Plaintiff's cellmate objected to Plaintiff placing his mattress on the floor.  However, the question before the Court concerns Defendant's actions, not the actions of Plaintiff's cellmate.  The fact remains that Defendant permitted Plaintiff to place his mattress on the floor as an alternative to sleeping in the top bunk.  Therefore, the Court finds that Plaintiff has failed to show the objective component of his Eighth Amendment claim.

---

[21] *Id.* at *4.

[22] *Id.* at *5.

[23] *Id.* (quoting *Williams*, 71 F.3d at 1250–51).

*2.      Subjective Component*

For substantially the same reasons, Plaintiff cannot meet the subjective component of his Eighth Amendment claim.  Plaintiff cannot show that Defendant knew of and disregarded an excessive risk to Plaintiff's health and safety where Defendant provided Plaintiff a viable alternative to sleeping in a top bunk.  As stated, Plaintiff was given the option of placing his mattress on the floor of his cell, but did not do so.

B.      CLEARLY ESTABLISHED

Even if the Court were to find that Defendant Cook violated Plaintiff's constitutional rights, that right would not be clearly established.  Plaintiff cites a number of cases where courts have held that assigning an inmate to a top bunk when the inmate holds a bottom bunk clearance may constitute a violation of the Eighth Amendment.  While the Court acknowledges that there may be instances where assigning an inmate to a top bunk may be a violation of the Eighth Amendment, the cases cited by Plaintiff are distinguishable from the facts before the Court.  In none of the cases cited by Plaintiff was the prisoner provided the option of putting his or her mattress on the floor, as Plaintiff was here.  Therefore, qualified immunity is appropriate.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 52) is GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff and dismiss this case forthwith.

Dated this 13th day of January, 2014.

BY THE COURT:

_____

Ted Stewart
United States District Judge